Russell UPLINGER, and all similarly situated prisoners at F C I Lompoc and in the Bureau of Prison's custody, Plaintiff—Appellant,

v.

Jose BARRON, Jr., Warden; et al., Defendants—Appellees.

No. 02–56761.

United States Court of Appeals, Ninth Circuit.

Submitted and Argued Oct. 17, 2005.

Decided Dec. 1, 2005.

Russell Uplinger, Las Vegas, NV, pro se.

Robert I. Lester, Esq., USLA—Office of the U.S. Attorney, Civil Division, Los Angeles, CA, for Defendants–Appellees.

Before: HUG, PREGERSON, and CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiff Russell Uplinger, a former federal prisoner, appeals the district court's judgment dismissing this action because he failed to exhaust his administrative remedies within the Bureau of Prisons. This court reviews de novo a district court's determination that a prisoner failed to exhaust administrative remedies. *See Wyatt*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

Prisoners are required to exhaust "such administrative remedies as are available" before suing over prison conditions under federal law. 42 U.S.C. § 1997e(a). Further, prisoners are required to exhaust their administrative remedies, even when the administrative process "has authority to take some action in response to a complaint, but not the remedial action an inmate demands, to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731, 736, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). In this case, Uplinger did not exhaust his administrative remedies. Although the complaint contained claims as to which the Bureau could not have provided relief, it also alleged that the Bureau improperly enacted policies to implement the DNA Act and unreasonably authorized excessive force to obtain blood samples. These claims could potentially have been addressed by the Bureau, and the record could have been further developed on these claims, had Uplinger pursued administrative relief prior to filing his complaint in federal court. The district court's dismissal for failure to exhaust administrative remedies was appropriate.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.